IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03155-PAB-NRN

SAGE COMMUNICATIONS CORPORATION OF COLORADO, LLC,

    Plaintiff,

v.

COLONY INSURANCE COMPANY and
B&K TELECOMMUNICATIONS, LLC,

    Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiff's Motion to Remand [Docket No. 27]. Plaintiff asserts that defendant Colony Insurance Company's ("Colony") removal was defective pursuant to 28 U.S. § 1446(b)(2)(A). Docket No. 27 at 2. The motion requires the Court to determine whether § 1446 requires a co-defendant to consent to removal at either the time a defendant files a notice of removal or some later point. *Id.*

Colony removed this case from the District Court for the City and County of Denver, Colorado on November 6, 2019. Docket No. 1. Although defendant B&K Telecommunications, LLC ("B&K") was served on October 14, 2019, Docket No. 27-1 at 2, it did not join in the removal until December 5, 2019. Docket No. 26; *see also* Docket No. 27 at 3. On December 6, 2019, plaintiff filed its motion to remand, arguing that, because B&K did not evidence its consent to removal at the time that Colony removed the case, the removal was defective. Docket No. 27 at 2. Citing *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996), plaintiff contends that the "unanimity rule"

requires all defendants to join in the removal and, when that does not happen, federal courts are required to remand the case to state court. *Id.*

Both B&K and Colony ("defendants") argue that the removal statute, 28 U.S.C. § 1446, is silent as to the time to consent to removal. Docket No. 32 at 2-3; Docket No. 33 at 2-4. As a result, defendants claim, "[t]here is no clear cut rule governing when a non-removing party must file its consent or join in a removal." Docket No. 32 at 3.

Although § 1446(2)(A) states that "all defendants who have been properly joined and served must join in or consent to the removal of the action," that section is silent as to when defendants must join or consent. This is notable because the removal statute contains numerous deadlines and time bars. *See* § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt of the defendant . . . or within 30 days after the service of summons."); § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."); § 1446(c) ("A case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after the commencement of the action."). The Court presumes that, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, . . . Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Elwell v. Okla. ex rel. Bd. of Regents of Univ. Of Okla.*, 693 F.3d 1303, 1309 (10th Cir. 2012) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983); *see also id.* at 1310 ("Congress's most specific directions are its controlling directions.").

Section 1446 contemplates that some defendants may be permitted to consent *after* that defendant's deadline to remove has passed, which demonstrates that the thirty day deadline to remove is not determinative of the deadline to consent. For example, § 1446(2)(C) states that, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." This was not always the case, with amendments in 2011 making clear that a later-served defendant could still remove and gain consent. *See Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1265 (D.N.M. 2017). Before the amendments, there was a circuit split, with some courts barring a later-served defendant from removing and others allowing removal. *Compare McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 926-28 (4th Cir. 1992) (preventing removal), *and Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988) (same), *with Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) (allowing removal). It would make little sense for Congress to amend a statute to permit a defendant whose deadline to remove has passed to consent to removal, but not allow a co-defendant whose deadline to remove has not passed to do the same. This amendment, in conjunction with § 1446(2)(A)'s silence as to time to consent, demonstrates that Congress did not intend for consent to removal to be tied to the thirty day period to file a notice of removal.

Although there is no explicit statutory deadline to consent to removal, there is at least one practical deadline. A motion to remand must be made within thirty days of the

notice of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."). If a defendant can simply consent to removal after a motion to remand has been filed, a plaintiff will have been forced to expend time and resources filing a motion that can be rendered immediately moot by a late-in-the process consent to removal. Other courts agree that the proper rule is to require that consent must be evidenced before any motion to remand is filed. *See Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 WL 3454976, at * 4 (D. Colo. July 18, 2018) (finding that a defendant must consent before any motion to remand is filed); *Padilla*, 282 F. Supp. at 1264 (same).[1] While plaintiff is correct that "[t]he removal statute is to be strictly construed against removal," Docket No. 34 at 4 (citing *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005), that maxim does not allow the Court to add or remove requirements from the removal statute that are not there.[2]

Here, the notice of removal was filed on November 6, 2019, Docket No. 1. Plaintiff filed its motion to remand on December 6, 2019, thirty days after the notice of removal was filed. Docket No. 27. B&K filed its consent to removal on December 5, 2019, a day before plaintiff's motion to remand. Docket No. 26. As a result, B&K's consent to removal was timely.

---

[1] The related issue of whether a defendant may consent after the deadline to file a motion to remand is not before the Court and, therefore, the Court declines to resolve that issue.

[2] *Scheall* does not require a different result. It was decided before the 2011 amendments and is not binding on the Court. *See Scheall*, 930 F. Supp. at 1448.

4

It is therefore

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 27] is **DENIED**.

DATED March 5, 2020.

> BY THE COURT:
>
> _____
> PHILIP A. BRIMMER
> Chief United States District Judge